UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------- X
                                                 :

AMERICAN HONDA FINANCE CORPORATION,      :     Case No. 3:19-cv-02119 (MEM)
                                                 :

               Plaintiff,                   :      **ANSWER WITH**
                                                 :      <u>**AFFIRMATIVE DEFENSES**</u>

     -against-                            :
                                                 :
                                                 :

MICHAEL S. SAPORITO and ANTONIO D.       :
PIERCE,                                              :
                                                 :

              Defendants.                 :
----------------------------------------------------------------- X

       Defendant Michael Saporito (sometimes "Saporito") by his attorneys, Wilk Auslander

LLP, as and for his answer (the "Answer") to the complaint filed December 12, 2019 (the

"Complaint") of plaintiff American Honda Finance Corporation ("Plaintiff") alleges as follows:

<u>**PARTIES**</u>

       1.      Denies the allegations in paragraph 1 of the Complaint, except denies knowledge

or information sufficient to form a belief as to the truth that Plaintiff is a corporation organized

under the laws of California with its principal place of business at 20800 Madrona Avenue,

Torrance, CA 90503, or that Plaintiff is duly authorized to conduct the business of establishing

and maintaining wholesale lines of credit and loans for authorized Honda dealers in the

Commonwealth of Pennsylvania, the State of New Jersey, and elsewhere.

       2.      Admits the allegations contained in paragraph 2 of the Complaint.

       3.      Denies the allegations in paragraph 3 of the Complaint, except denies knowledge

or information sufficient to form a belief as to the truth that Antonio Pierce is a citizen of the

State of Arizona residing at 1172 W. Sunrise Place, Chandler, AZ.

**Jurisdiction and Venue**

4.      Saporito lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and on that basis denies each and every allegation contained therein.

5.      Saporito lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein.

**Factual Allegations**

6.      Denies the allegations contained in paragraph 1 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that Plaintiff is in the business of establishing wholesale credit lines and purchasing money and other types of financing to authorized Honda dealers, enabling them, among other things, to acquire inventory of courtesy vehicles and vehicles for retail sale and lease to the public, to purchase real property to house the dealership operations and to finance the construction and/or renovation of dealership facilities.

7.      Denies the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff and "Hazelton Honda" and "Hamilton Honda" (referred to in the Complaint collectively as the "Dealerships" entered into automotive Wholesale Finance Agreements (referred to in the Complaint as the "WFAs") and respectfully refers the Court to the referenced document for its full and accurate content.

8.      Denies the allegations contained in paragraph 3 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that Plaintiff issued Hazelton

Honda a mortgage and respectfully refers the Court to the referenced document for its full and accurate content.

 9. Denies the allegations contained in paragraph 4 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that under the WFAs, the Dealerships agreed to reimburse and promptly pay all amounts incurred by Plaintiff in connection with the collection of, and enforcement, of the terms of the WFAs and respectfully refers the Court to the referenced document for its full and accurate content.

 10. Denies the allegations contained in paragraph 5 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that the Dealerships granted Plaintiff a continuing security interest in all collateral, including but not limited to vehicles, parts, furniture, equipment, accounts, instruments, letters of credit, contract rights, intangible property, books and records, personal property assets and all proceeds of the same in order to secure all existing and future obligations to Plaintiff and respectfully refers the Court to the referenced document for its full and accurate content.

 11. Denies the allegations contained in paragraph 6 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that Hazelton Honda separately granted Plaintiff a mortgage security interest in the Dealership's real property and respectfully refers the Court to the referenced document for its full and accurate content.

 12. Denies the allegations contained in paragraph 7 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that Plaintiff properly secured its security interests in the collateral by filing financing statements with the Secretary of State of the Commonwealth of Pennsylvania and the State of New Jersey and recording the mortgage in

the Luzerne County Recorder of Deeds and respectfully refers the Court to the referenced document for its full and accurate content.

13.     Denies the allegations contained in paragraph 8 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth with regard to defendant Pierce's obligations to Plaintiff, except admits that Saporito executed an agreement(s) with respect to the Dealerships' obligations to Plaintiff and respectfully refers the Court to the referenced document for its full and accurate content.

14.     Denies the allegations contained in paragraph 9 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth with regard to defendant Pierce's obligations to Plaintiff except admits that Saporito executed an agreement(s) with respect to the Dealerships' obligations to Plaintiff and respectfully refers the Court to the referenced document for its full and accurate content.

15.     Denies the allegations contained in paragraph 10 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that the Dealerships and Defendants agreed that the Dealerships would promptly pay plaintiff all fees, charges, and expenses incurred by Plaintiff  to collect amounts due under the WFAs in the amount of $751,117.06 and respectfully refers the Court to the referenced document for its full and accurate content.

16.     Denies the allegations contained in paragraph 11 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that the Dealerships and defaulted in connection with the Agreements referenced in paragraph 11 of the Complaint by, among other things, failing to make timely payments to Plaintiff and further denies knowledge

4

or information sufficient to form a belief as to the truth that Plaintiff provided the Dealerships and the Defendants with numerous notices of default, and demanded payment of all amounts allegedly due and owing to plaintiff and respectfully refers the Court to the referenced document for its full and accurate content.

17.     Denies the allegations contained in paragraph 12 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that the Dealerships did not cure their defaults.

18.     Denies the allegations contained in paragraph 13 of the Complaint, except that admits an "Asset Purchase Agreement" was entered into and respectfully refers the Court to the referenced document for its full and accurate content.

19.     Denies the allegations contained in paragraph 14 of the Complaint, except that admits that Hazelton Honda entered into a "Real Estate Purchase and Sale Agreement" and respectfully refers the Court to the referenced document for its full and accurate content.

20.     Denies the allegations contained in paragraph 15 of the Complaint.

21.     Denies the allegations contained in paragraph 16 of the Complaint.

<u>COUNT I</u>

BREACH OF CONTRACT

22.     No answer is required to the allegations contained in paragraph 17 of the Complaint.

23.      Denies the allegations contained in paragraph 18 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth that with regard to the

Agreements referenced therein, those Agreements constitute valid and binding contracts between the plaintiff and the Defendants and respectfully refers the Court to the referenced document for its full and accurate content.

24.     Denies the allegations contained in paragraph 19 of the Complaint.

25.     Denies the allegations contained in paragraph 20 of the Complaint.

## PRELIMINARY STATEMENT REGARDING
## SAPORITO'S AFIRMATIVE DEFENSES

26.     By virtue of the "Asset Purchase Agreement" and "Real Estate Purchase and Sale Agreement" referenced in the Complaint, Plaintiff released Saporito (and Defendant Pierce) from any further liability resulting from any so called "deficiency" alleged in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

27.     The Complaint and each and every cause of action and claim for relief asserted therein is (are) barred by the doctrines of laches, waiver, and estoppel.

## SECOND AFFIRMATIVE DEFENSE

28.     The Complaint and each and every cause of action and claim for relief asserted therein is (are) barred by reason of Plaintiff's unclean hands.

## THIRD AFFIRMATIVE DEFENSE

29.     The Complaint fails to state a cause of action for which relief can be granted against Saporito.

## FOURTH AFFIRMATIVE DEFENSE

30.     The Complaint and each and every cause of action and claim for relief asserted

therein is (are) barred by reason of Plaintiff's breach of its duty of good faith and fair dealing with respect to the performance of its contractual obligations.

## FIFTH AFFIRMATIVE DEFENSE

31.     Release, accord and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

32.     Plaintiff's actions were the proximate cause of any damages it alleges to have incurred as relates to Saporito.

## SEVENTH AFFIRMATIVE DEFENSE

33.     Saporito has been unduly and irreparably prejudiced by virtue of Plaintiff having, upon information and belief, settled with one (1) or more defendant(s).

## EIGHTH AFFIRMATIVE DEFENSE

34.     Saporito has been unduly and irreparably prejudiced by virtue of Plaintiff having, upon information and belief, chosen not to sue one (1) or more putative defendant(s).

## NINTH AFFIRMATIVE DEFENSE

35.     In the absence of an application of rule or law such as, by way of example, a "judgment reduction order" or like "credit rule," Saporito will be unduly and irreparably prejudiced by virtue of Plaintiff having, upon information and belief, settled with one (1) or more defendant(s).

## TENTH AFFIRMATIVE DEFENSE

36.     By virtue of the "Asset Purchase Agreement" and "Real Estate Purchase and Sale Agreement" referenced in the Complaint, there was a resulting novation of the underlying Agreements relied upon by Plaintiff in bringing this action against Saporito.

## ELEVENTH AFFIRMATIVE DEFENSE

37.     By virtue of the "Asset Purchase Agreement" and "Real Estate Purchase and Sale Agreement" referenced in the Complaint, Plaintiff is precluded from pursuing any claims against Saporito by application of the doctrine of promissory estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

38.     To the extent that the deficiency claimed by Plaintiff is derived from the sale of collateral, the collateral was not disposed of in a commercially reasonable manner and Saporito is entitled to a discharge from any agreement with Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

39.     At the time of this Answer, Saporito does not know whether additional affirmative defenses, if any, may apply. Saporito reserves the right to amend this Answer to assert additional matters constituting an affirmative defense which may be revealed through discovery or otherwise.

**WHEREFORE**, Michael Saporito demands judgment against Plaintiff dismissing the

Complaint and for such other and further relief as is appropriate.

Dated:  New York, New York
       May 29, 2020

                   **WILK AUSLANDER LLP**

       By:     */s/ Randy Zelin*_____
               Randy Zelin, Esquire
               Admitted *pro hac vice*
               1515 Broadway - 43rd Floor
               New York, New York 10036
               212.981.2300
               rzelin@wilkauslander.com


               Hourigan, Kluger & Quinn P.C.

       By:     */s/ Brian P. Stahl*_____
               Brian P. Stahl, Esquire
               Hourigan, Kluger & Quinn P.C.
               600 Third Avenue
               Kingston, PA 18704
               570.287.3000 ext. 1134
               bstahl@hkqlaw.com

               *Attorneys or Defendant Michael Saporito*